UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DAVID FERNANDEZ,

                Plaintiff,

            vs.

THE CITY OF NEW YORK, "JANE DOE"
POLICE OFFICER, and "JOHN DOE" POLICE
OFFICERS #1, #2, #3, #4, #5,

                Defendants
------------------------------------------------------------X

JUDGE STEIN

07 CV 3495

**COMPLAINT**

**JURY TRIAL DEMANDED**

RECEIVED
MAY 02 2007
U.S.D.C. S.D.N.Y.
CASHIERS

## PRELIMINARY STATEMENT

1.     This is an action to recover money damages arising out of defendants' violation of plaintiff's rights as secured by the Civil Rights Act, 42 U.S.C. §1983, and of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff was subjected to false arrest, malicious prosecution, assault and battery, and the intentional use of excessive force

## JURISDICTION

2.     This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (3) and (4) and the aforementioned statutory and constitutional provisions.

3.     The plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all State law claims and causes of action which derive from the same

nucleus of operative facts and are part of the same case or controversy that give rise to the federally based claims and causes of action.

## VENUE

4. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391, (a), (b) and (c) and § 1402 (b) because the claims arose in this district.

## PARTIES

5. Plaintiff, David Fernandez, is a citizen of the United States, and is and was at all times a resident of the County of Bronx, City and State of New York.

6. Defendant CITY OF NEW YORK ("Defendant CITY") is a municipal corporation existing by virtue of the laws of the State of New York. It is authorized by law to maintain a police department that acts as its agent in the area of law enforcement and for which it is ultimately responsible. The defendant City of New York assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the New York City Police Department.

7. Defendant "JANE DOE" POLICE OFFICER, is and was at all times relevant herein an officer, employee and agent of the New York City Police Department and is being sued in her individual capacity.

8. Defendants "JOHN DOE" POLICE OFFICERS #1 through #5, are and were at all times relevant herein officers, employees and agents of the New York City Police Department

and are being sued herein in their individual capacities.

9. At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the New York City Police Department, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the New York City Police Department, with the power and authority vested in them as officers, agents and employees of the New York City Police Department and incidental to the lawful pursuit of their duties as officers, employees and agents of the New York City Police Department.

10. On December 21, 2006, Plaintiff served notice of the present claims pursuant to New York General Municipal Law §50-e.

11. More than 30 days have elapsed since such service without adjustment or payment of the claims.

## STATEMENT OF FACTS

12. On November 19, 2006, plaintiff was at the Jet Set Café, a restaurant lounge located at 1834 Webster Avenue, Bronx, New York, 10465, celebrating a friend's birthday.

13. At approximately 4:15 a.m., plaintiff was exiting the establishment along with all of the other patrons. The large number of people leaving the lounge at the same time created a "bottleneck" situation at the front door.

14. Plaintiff was walking in an orderly fashion exiting the front door when defendant police officer "Jane Doe" arrived and began to direct the crowd away from the front entrance.

15. Without any provocation, defendant police officer "Jane Doe" began yelling at

3

plaintiff. Plaintiff requested that she refrain from her abusive language, at which time, defendant police officer "Jane Doe" hit Plaintiff twice with her baton.

16. Suddenly, three to five male police officers appeared, and began kicking and punching plaintiff about the face, ribs, back and neck.

17. Plaintiff was arrested and charged with disorderly conduct, in violation of N.Y. Penal Law §§ 240.20(6) and (7).

18. At no time did Plaintiff commit any crime or the violation of disorderly conduct.

19. There was no basis for his arrest.

20. Plaintiff was transported to Bronx Lebanon Hospital where he was treated for bruises and lacerations to his head, face and body.

21. On January 26, 2007, a judge of the Criminal Court of the City of New York dismissed the charges against plaintiff.

22. The force used by the individual defendants on plaintiff was far in excess of their rightful authority as New York City police officers. This force on plaintiff was made without proper cause.

23. The assault, battery, malicious prosecution, false imprisonment, and false arrest upon plaintiff by the individual defendants caused plaintiff to sustain physical injuries, pain and suffering, and psychological and emotional trauma.

## FIRST CAUSE OF ACTION

### Violation of Plaintiff's Fourth and Fourteenth Amendment Rights

24. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 23 with the same force and effect as if more fully set forth at length herein.

25. Defendants, who were acting within the scope of their authority, arrested and caused

plaintiff to be imprisoned without probable cause in violation of plaintiff's right to be free from an unreasonable seizure under the Fourth Amendment to the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

## SECOND CAUSE OF ACTION

### Violation of Plaintiff's Fourth Amendment Rights

26. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 25 with the same force and effect as if more fully set forth at length herein.

27. The use of excessive force by defendants, in grabbing, throwing, punching, kicking and handcuffing plaintiff was an objectively unreasonable physical seizure of plaintiff in violation of his rights under the Fourth Amendment of the United States Constitution.

## THIRD CAUSE OF ACTION

### Malicious Prosecution

28. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 27 with the same force and effect as if more fully set forth at length herein.

29. The acts and conduct of the Defendants constitute malicious prosecution under the laws of the State of New York and under the Fourth Amendment to the United States Constitution. Defendants initiated and continued a criminal proceeding against plaintiff.

30. The proceedings terminated in plaintiff's favor.

31.     There was no probable cause for the commencement or the continuation of the criminal proceeding.

32.     The defendants acted with actual malice.

33.     Defendants were at all times an agents, servants, and employees acting within the scope of their employment by the City of New York and the NYPD, which are therefore responsible for their conduct.

34.     Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims and pursuant to the Fourteenth Amendment of the United States Constitution, this Court has jurisdiction to hear the federally based claim.

## FOURTH CAUSE OF ACTION

### False Arrest

35.     The plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 34 with the same force and effect as if more fully set forth at length herein.

36.     The acts and conduct of the defendants constitute false arrest and false imprisonment under the laws of the State of New York. Defendants intended to confine plaintiff and, in fact, confined plaintiff, and plaintiff was conscious of the confinement. In addition, plaintiff did not consent to the confinement and the confinement was not otherwise privileged.

37.     Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the NYPD, which are therefore responsible for their conduct.

38. Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## FIFTH CAUSE OF ACTION

### Assault

39. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 38 with the same force and effect as if more fully set forth at length herein.

40. Defendants, acting within the scope of their employment, intentionally, willfully and maliciously assaulted plaintiff in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally did a violent and/or menacing act which threatened such contact to the plaintiff, and that such act(s) caused apprehension of such contact in the plaintiff.

41. Defendants were at all times an agents, servants, and employees acting within the scope of their employment by the City of New York and the NYPD, which are therefore responsible for their conduct.

42. Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## SIXTH CAUSE OF ACTION

### Battery

43. The plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 42 with the same force and effect as if more fully set forth at length herein.

44. Defendants, acting within the scope of their employment, intentionally, willfully, and maliciously battered plaintiff, when they, in a hostile and/or offensive manner struck plaintiff without his consent and with the intention of causing harmful and/or offensive bodily contact to the plaintiff and caused such battery.

45. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the NYPD, which are therefore responsible for their conduct.

46. Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## SEVENTH CAUSE OF ACTION

### Negligent Hiring, Retention, Training and Supervision

47. The plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 46 with the same force and effect as if more fully set forth at length herein.

48. Defendant CITY and its employees, servants and or agents acting within the scope of their employment did negligently hire, train, retain and supervise defendants, individuals who were unfit for the performance of police duties on November 19, 2006, at the aforementioned location.

49. The acts of the Defendants, employees of Defendant CITY and the NYPD were the result of Defendant CITY's negligence, in its hiring, training, retention, and supervision of its agents, servants and/or employees.

50. Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to

hear and adjudicate such claims.

## JURY DEMAND

51.     Plaintiff hereby demands trial by jury of all issues properly triable thereby.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for relief as follows:

a.  For compensatory damages in an amount to be determined;

b.  For punitive damages in an amount to be determined;

c.  For reasonable attorneys' fees, together with costs and disbursements, pursuant to the 42 U.S.C. § 1988 and this Court's discretion;

d.  For pre-judgment interest as allowed by law; and

e.  For such other and further relief as this Court may deem just and proper.

DATED:  April 27, 2007
        New York, New York

                                        Yours, etc.

                                        ROMANO & KUAN, PLLC


                                        By: ANTHONY CECUTTI
                                        (AC 5867)
                                        100 Lafayette Street, Suite 401
                                        New York, New York 10013
                                        (212) 274-0777

TO:  CITY OF NEW YORK
     c/o Corporation Counsel
     100 Church Street
     New York, New York 10007

     NEW YORK CITY POLICE DEPARTMENT
     1 Police Plaza
     New York, New York 10038

## ATTORNEY VERIFICATION

State of New York    )
                     )    ss.:
County of New York   )

    ANTHONY CECUTTI, ESQ., an attorney duly admitted to practice before the courts of this district, affirms the following under penalty of perjury:

    I am an attorney who represents the plaintiff in this action. I have read the foregoing and know the contents thereof; the same is true to my own knowledge, except as to matters therein stated to be alleged on information and belief, and that as to those matters deponent believes them to be true. The reason this verification is made by me and not by the plaintiff is that she resides outside of New York County, the location of my offices.

                                                                   ANTHONY CECUTTI