UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

DAVID FERNANDEZ,

                              Plaintiff,

                 -against-

THE CITY OF NEW YORK, "JANE DOE"
POLICE OFFICER, and "JOHN DOE" POLICE
OFFICERS #1, #2, #3, #4, #5,

                            Defendants.

------------------------------------------------------------------------x

**ANSWER OF
DEFENDANT CITY OF
NEW YORK**

07 CV 3495 (SHS)

<u>Trial By Jury Requested</u>

(filed by ECF)

         Defendant City of New York, by its attorney Michael A. Cardozo, Corporation Counsel of the City of New York, as and for its answer to the complaint, respectfully alleges, upon information and belief, as follows:

         1.      Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to bring this action and to assert claims as set forth therein.

         2.      Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports to bring this action and to invoke this Court's jurisdiction as set forth therein.

         3.      Denies the allegations set forth in paragraph "3" of the complaint, except admits that plaintiff purports to invoke this Court's supplemental jurisdiction as set forth therein.

         4.      Denies the allegations set forth in paragraph "4" of the complaint, except admits that plaintiff purports to base venue as set forth therein.

5.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the complaint.

6.     Denies the allegations set forth in paragraph "6" of the complaint, except admits that the City of New York is a municipal corporation authorized pursuant to the laws of the State of New York, admits that the City of New York maintains a police department, and states that the allegations concerning the City's authorization by law and responsibilities concerning its police department and the City's assumption of risks are legal conclusions rather than averments of fact and, accordingly, no response is required.

7.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint, except admits that plaintiff purports to sue the "Jane Doe" police officer as set forth therein.

8.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint, except admits that plaintiff purports to sue the "John Doe" police officers as set forth therein..

9.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint.

10.     Denies the allegations set forth in paragraph "10" of the complaint, except admits that a document purporting to be a notice of claim was received by the Comptroller's Office of the City of New York on or about January 31, 2007.

11.     Denies the allegations set forth in paragraph "11" of the complaint, except admits that more than thirty days have elapsed since that date, and admits that the claim has not been settled.

12.     Denies the allegations set forth in paragraph "12" of the complaint, except admits that, on or about November 19, 2006, plaintiff was in the vicinity of the Jet Set Café located at 1834 Webster Avenue, Bronx New York, and denies knowledge or information as to the truth of the allegations concerning why plaintiff was there.

13.     Denies the allegations set forth in paragraph "13" of the complaint, except admits that plaintiff was in the vicinity of the establishment at approximately 4:15 a.m., and that there was a crowd at the front door.

14.     Denies the allegations set forth in paragraph "14" of the complaint, except admits that police were attempting to disperse the crowd.

15.     Denies the allegations set forth in paragraph "15" of the complaint.

16.     Denies the allegations set forth in paragraph "16" of the complaint.

17.     Denies the allegations set forth in paragraph "17" of the complaint, except admits that plaintiff was arrested and issued summonses for disorderly conduct in violation of section 240.20, subdivisions 6 and 7 of the Penal Code.

18.     Denies the allegations set forth in paragraph "18" of the complaint.

19.     Denies the allegations set forth in paragraph "19" of the complaint.

20.     Denies the allegations set forth in paragraph "20" of the complaint.

21.     Admits the allegations set forth in paragraph "21" of the complaint.

22.     Denies the allegations set forth in paragraph "22" of the complaint.

23.     Denies the allegations set forth in paragraph "23" of the complaint.

24.     In response to the allegations set forth in paragraph "24" of the complaint, defendant repeats and realleges the responses set forth in paragraph "1" through "23" of this answer as if fully set forth therein.

25.    Denies the allegations set forth in paragraph "25" of the complaint.

26.    In response to the allegations set forth in paragraph "26" of the complaint, defendant repeats and realleges the responses set forth in paragraph "1" through "25" of this answer as if fully set forth therein.

27.    Denies the allegations set forth in paragraph "27" of the complaint.

28.    In response to the allegations set forth in paragraph "28" of the complaint, defendant repeats and realleges the responses set forth in paragraph "1" through "27" of this answer as if fully set forth therein.

29.    Denies the allegations set forth in paragraph "29" of the complaint.

30.    Denies knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the complaint.

31.    Denies the allegations set forth in paragraph "31" of the complaint.

32.    Denies the allegations set forth in paragraph "32" of the complaint.

33.    Defendant states that the allegations set forth in paragraph "33" of the complaint are legal conclusions rather than averments of fact and, accordingly, no response is required.  To the extent that a response is required, defendant denies the allegations set forth therein.

34.    Deny the allegations set forth in paragraph "34" of the complaint, except admit that plaintiff purports to proceed as stated therein.

35.    In response to the allegations set forth in paragraph "35" of the complaint, defendant repeats and realleges the responses set forth in paragraph "1" through "34" of this answer as if fully set forth therein.

36.    Denies the allegations set forth in paragraph "36" of the complaint.

37.     Defendant states that the allegations set forth in paragraph "37" of the complaint are legal conclusions rather than averments of fact and, accordingly, no response is required.  To the extent that a response is required, defendant denies the allegations set forth therein.

38.     Deny the allegations set forth in paragraph "38" of the complaint, except admit that plaintiff purports to proceed as stated therein.

39.     In response to the allegations set forth in paragraph "39" of the complaint, defendant repeats and realleges the responses set forth in paragraph "1" through "38" of this answer as if fully set forth therein.

40.     Denies the allegations set forth in paragraph "40" of the complaint.

41.     Defendant states that the allegations set forth in paragraph "41" of the complaint are legal conclusions rather than averments of fact and, accordingly, no response is required.  To the extent that a response is required, defendant denies the allegations set forth therein.

42.     Deny the allegations set forth in paragraph "42" of the complaint, except admit that plaintiff purports to proceed as stated therein.

43.     In response to the allegations set forth in paragraph "43" of the complaint, defendant repeats and realleges the responses set forth in paragraph "1" through "42" of this answer as if fully set forth therein.

44.     Denies the allegations set forth in paragraph "44" of the complaint.

45.     Defendant states that the allegations set forth in paragraph "45" of the complaint are legal conclusions rather than averments of fact and, accordingly, no response is

required.  To the extent that a response is required, defendant denies the allegations set forth therein.

46.    Deny the allegations set forth in paragraph "46" of the complaint, except admit that plaintiff purports to proceed as stated therein.

47.    In response to the allegations set forth in paragraph "47" of the complaint, defendant repeats and realleges the responses set forth in paragraph "1" through "46" of this answer as if fully set forth therein.

48.    Denies the allegations set forth in paragraph "48" of the complaint.

49.    Denies the allegations set forth in paragraph "49" of the complaint.

50.    Deny the allegations set forth in paragraph "50" of the complaint, except admit that plaintiff purports to proceed as stated therein.

51.    Paragraph "51" of the complaint is a jury demand to which no response is required.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

52.    The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

53.    Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has defendant violated any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

54.    At all times relevant to the acts alleged in the complaint, defendant City of New York, its agents and officials, acted reasonably in the proper and lawful exercise of its

discretion.  Therefore, defendant City of New York is entitled to governmental immunity from liability.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

55.     Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the conduct of someone not under the control of defendant, and was not the proximate result of any act of defendant.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

56.     There was probable cause for plaintiff's arrest and/or detention.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

57.     Punitive damages are not obtainable as against defendant City of New York.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

58.     At all times relevant to the acts alleged in the complaint, defendant acted reasonably and in the proper and lawful exercise of its discretion.

**WHEREFORE**, defendant City of New York requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      July 20, 2007

                                 **MICHAEL A. CARDOZO**
                                 **Corporation Counsel of the City**
                                    **of New York**
                                 **Attorney for Defendant City of New York**
                                 **100 Church Street**
                                 **New York, New York  10007**
                                 **(212) 227-4071**

                               By:  _____/S/_____
                                    SUSAN P. SCHARFSTEIN (SS 2476)

To:    Anthony Cecutti, Esq.
        Romano & Kuan, PLLC
        100 Lafayette Street, Suite 410
        New York, NY  10013

Index No.  07 CV 3495 (SHS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID FERNANDEZ,

                                                Plaintiff,

                    -against-

THE CITY OF NEW YORK, "JANE DOE" POLICE OFFICER, and
"JOHN DOE" POLICE OFFICERS #1, #2, #3, #4, #5,

                                                Defendants.

### ANSWER OF DEFENDANT CITY OF NEW YORK

***MICHAEL A. CARDOZO***
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Susan P. Scharfstein (SS 2476)*
*Tel:  (212) 227-4071*
*NYCLIS No.:*

*Due and timely service is hereby admitted.*

*New York, N.Y.  ..............................................................., 200 . . .*

*  .................................................................................Esq.*

*Attorney for ...................................................................................*